Í am dearly of opinion, that he had no sight to do so. He was not a general agent. He acted under pre- *118 else instructions, to obtain a postponement or to bid in the property, oven if obliged to pay ton per cent, on the sales. He could not obtain a postponement and lie did not bid at the sale, but entered into an arrangement not |0 jJU|. †() pcrni,t the defendant to buy in the land, audio let in his principal to redeem it in a reasonable time.. And the use which defendant made of this arrangement, was to discourage and prevent third persons from bidding. Though the agent meant well; he departed from his instructions, and his act was not obligatory on his principal. If indeed, his principal had afterwards sanctioned it, it would have been valid. But ho did not sanction it; for in a letter which defendants have thenv selves introduced as evidence, he expresses his astonishment at it.
The agreement not being binding on Mr. Keith, leaves the ease upon the first naked ground, that the judgment creditors discouraged and prevented other competent persons from bidding, as they swear they intended", by which means they got an opportunity to bid in for 5$ 1,000, a property which was worth from S,000 to 0,500 dollars j and which these very persons had sold to Mr. Young for 1,7001. sterling
It was urged that the agent of Mr. Keith, could not have obeyed his instructions, for he was not furnished with funds to pay the ten per cent, if Iig had bid in the land, and could not raise them j and therefore, be acted for the best. It would be sufficient to answer, that wherever an agent acts contrary to his orders, though with the best intentions, hee' acts subject to the affirmation or negation of his principal. And the person who i -ansacts with him, and who knows the instructions, as these defendants did, (for it is lit proof that the letter of Mr. Keith, was produced and read to Mr. Purvis) does it also subject to the will of the principal. But, in fact, it has not bcc-n proved that the ten per cent, had been demanded by the advertisement of sale: and though the agent is said to have declared that he bad not money to pay the ten per cent, and could not raise it, Mr. Keith states in his letter, which defendant made evidence alsq, *119 that he had placed funds at the command of bis agent. But admit he had no funds, the unauthorized arrangement made, winch was announced to the people at the sale, prevented them from bidding aud deprived Ms principal of the benefit of a fair sale, and left him af the mercy of a rigid creditor: and the judgment creditors having drawn the agent into these terms, with a foil knowledge that it was contrary to the instructions, must bear all the ill consequences.
Second.' — .But if it should be conceded that the agreement was binding on Mr. Keith, another question arises, what was the effect of it, and how has it been complied. With ?
The agreement in a few' wordsjwas, that if Mr. Keith's agent would not bid at the sales, and if other persons attending with a view to purchase, did not bid, Mr. Purvis would buy in the property, and would let in Mr. Keith to redeem by paying the money. One of the witnesses swore, the money was to be paid by the middle of May — the defendants in their answer say in a reasonable time.
It is contended for the present defendants, that Mr. Keith had by this agreement a short time to come in and avail himself of the benefits of it, and that upon his not doing so, Mr. Purvis had a right to consider it at an end ; to keep the land a,t the sum of $ 1,000 for which ho hid it in, and to proceed to enforce his judgment for the balance of the debt.
For the complainant, Mr. Keith, it is insisted, that the defendant Purvis by consenting to give a reasonable-time to redeem, had changed the transaction altogether, and had converted the business into a mortgage; and Mr. Keith could come i,n and redeem at any time until the Purvis’s foreclosed the equity of redemption.
The decided cases have been examined, and I am strongly inclined to think that this case comes properly in that class which determines that the debtor basan indefinite time to redeem,. The agreement contained in it *120 ab origine, the principle of redemption,.* indeed, it war-5 the only stipulation entered into for Mr. Keith ; and J do think the creditor was not at liberty, at so short a time, after the sale, to consider the agreement and the permission to redeem, at an end, and to keep the land at so low a price, and to press the debtor for the balance.
.What is a mortgage ? it is a conveyance of property, with a condition that such conveyance shall be void, if the debtor pays certain sums of money by a given day; to which the law attaches another principle, to wit, that the debtor may come in and redeem the property, within any reasonable time after the day of payment stipulated ,* which time is extended to twenty years, unless the creditor previously forecloses the equity of redemption by legal process 5 whereupon the court gives a day to the creditor, to come in and redeem the property by paying the debt, ‘What was the agreement here ? That if the debtor would not bid in the property, and if third persons would not bid, but allow the creditor to bid olí the property at li is own price, he would give time to redeem. To this agreement the law attaches all the rights of a mortgage 5 and Mr. Keith had a right to come in and redeem, not to a limited day, but within what the courts should deem a reasonable time.
Mr. Purvis not having dono this, but having, as he says in his answer, sold the land, he has cut off Mr. Keith from his stipulated benefit, and he must hear all the consequences.
v Against this, it is insisted, however, that the agreement was merely parol, and was not binding on Mr. Pur-vis ; and that the statute of frauds need not be pleaded.
I am inclined to think that the answer of the defendant, admitting the agreement and the part execution of it, would take the case out of the statute of frauds. Bat admit that it is a parol agreement and void, can it *121 be believed that the complainant is not to have redress ? Can it be tolerated, that a creditor shall, at a sale of bis debtor’s property, lull him to sleep, and keep off other purchasers, by an agreement, under which he buys in the land for a small sum, much below the value, and then that he should declare that the agreement was void under the statute of .frauds, and that the other party should be allowed to have no benefit from the agreement, whilst he reaped all its fruits ? Surely not. Courts of justice would be blind indeed, if they could permit such a state of things. If the agreement was void, then Mr. Purvis must surrender up his advantages under it, and he liable to make good the loss sustained by the adverse party from his conduct.
It is said, indeed, he has made nothing by this great bargain. This may be so, hut his improvidence in selling the land, and the balance of the debt, merely for the amount of the debt, does not weaken the complainant's title to redress.
It is alleged, that the complainant asking equity should do equity, and should have paid or offered to pay the balance of the debt, and thus redeem the land. It is a complete answer to say, that the speedy sale of the lands by defendant, took away the power of complainant to redeem and to have the land.
The only difficulty which remains, is, as to the nature of the relief to be given. If the defendant had not sold the land, as he has-stated in his answer, I should be inclined to think that the proper relief would be, to let in the complainant to redeem on paying the debt; unless, indeed, there had been a great alteration in the value of the property. .
But, as he has sold the land, I am unwilling to disturb the rights of third persons. I will endeavor to give relief in another way.
It is, therefore, ordered and decreed, that the defendants do give credit as of the day the sale took place, for the sum of g> 3,000, [being the amount which Mr. Howell was prepared to give for the land,] on the judgment which they held against Mr. Keith, as admüús *122 trator of Mr. Young; — and that if this be impossible-from Tin actual sale and assignment of tbe judgment» that the defendants do pay to tbe complainant the sum of $2,000, with interest from the day of sale, being the' difference between the § 1,000, at which tbe land was bid in, (and which lias been already credited) and the $ 3,000 which Mr. Howell was ready to gire. And that defendants do pay the costs of this suit.
Blamling for complainant. Nott and Egan for defendant.
There was no appeal from this decree.

 2 Cornyns, 635; 1 Tern. 138, Exton vs. Graves; 2 Ycm. 84, Man* 1<i,ve vs. Ball; 1 Tern. 263, Barrel w. Sabine.